# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRANDON JUAN HAND,**

        **Petitioner,**

    **v.**                                        **Case No. 20-CV-737**

**KEVIN A. CARR,**

        **Respondent.**

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Brandon Hand, who is on active community supervision after pleading guilty in two separate cases, filed a petition for a writ of habeas corpus. (ECF No. 1.) Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Hand presents three grounds for relief: (1) the court erroneously denied his motion to suppress that was based on illegal search and seizure grounds; (2) ineffective assistance of counsel; and (3) the court relied upon inaccurate information at his sentencing.

In Hand's 2009 case a confidential informant reported to police officers that Hand was selling drugs from his vehicle. After two officers located Hand's vehicle they conducted a traffic stop. Because the officers were concerned that there may be a gun in the vehicle, they asked Hand to step out of the car. When he did, officers smelled burnt marijuana. They then conducted a warrantless search of his vehicle and found cocaine, marijuana, a semiautomatic handgun, and $700 in cash in small denominations. Hand moved to suppress the evidence, arguing that the officers did not have reasonable suspicion to stop him or probable cause to search his vehicle. His motion was denied by the circuit court for Racine County and on appeal. *See State of Wisconsin v. Brandon J. Hand*, 2019 WI App 8, 385 Wis.2d 846, 926 N.W.2d 500 (Table) (per curiam) (unpublished).

Hand's first claim in his habeas petition amounts to a challenge that the search and seizure was inconsistent with the Fourth Amendment. Evidence obtained in violation of the Fourth Amendment is subject to the exclusionary rule, which "protects the 'the [sic] right to be free from arbitrary intrusion by the police' by excluding '[e]vidence obtained by police officers in violation of the Fourth Amendment … in the hope that the frequency of future violations will decrease.'" *Haakenstad v. Symdon*, No. 16-cv-702-jdp, 2017 U.S. Dist. LEXIS 212933, at *11 (W.D. Wis. Dec. 29, 2017) (quoting *Stone v. Powell*, 428 U.S. 465, 483, 492 (1976)). But the exclusionary rule generally is not a basis for granting habeas relief because the costs of applying it outweigh the benefits. *Haakenstad*, 2017 U.S. Dist. LEXIS 212933, at *11-12 (quoting *Stone*, 428 U.S. at 490, 493-94). "[T]he primary aim of the

2

exclusionary rule is to deter the police from violating the Fourth Amendment rather than to remedy an injury to the individual." *Monroe v. Davis*, 712 F.3d 1106, 1113 (7th Cir. 2013) (citing *Stone*, 428 U.S. at 486). The prospect of evidence eventually being excluded on collateral review is too remote to deter police misconduct. *Id.* at 1113-14.

A habeas petitioner may obtain federal habeas review of a Fourth Amendment claim only if he can show "(1) that the state court denied him a full and fair hearing on his claim, and (2) that the claim was meritorious." *Monroe*, 712 F.3d at 1113. "Absent a subversion of the hearing process, [the court] will not examine whether the judge got the decision right." *Cabrera v. Hinsley*, 324 F.3d 527, 531 (7th Cir. 2003). "[The court's] role is not to second-guess the state court on the merits of the petitioner's claim, but rather to assure [itself] that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." *Monroe*, 712 F.3d at 1114. *See also Miranda v. Leibach*, 394 F.3d 984, 1001 (7th Cir. 2005) ("However, the question before us is not whether (in our view) the Illinois Appellate Court was right or wrong to find that Chavez was not under arrest, but whether that finding was so gravely mistaken, in view of the record evidence, as to suggest that the Illinois Appellate Court was unwilling to engage in a good faith review of Miranda's Fourth Amendment Claim.").

Rather than arguing he was not afforded a "full and fair hearing on his claim," Hand's brief accompanying his petition challenges the merits of his motion to suppress.

(ECF No. 2 at 2-6.) It appears that *Stone v. Powell* bars granting Hand habeas relief on the first ground relied upon.

However, the court is unable to say that it is plainly apparent that Hand's other two grounds do not entitle him to habeas relief. Therefore, Respondent Kevin Carr shall answer the petition.

The Clerk of Court shall promptly serve Carr by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, Carr shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Hand shall then submit a brief in support of his petition no later than **28 days thereafter**. In this brief, in addition to supporting his other claims, Hand should either withdraw his Fourth Amendment claim or show cause why it does not fail under *Stone*. Carr shall submit a brief in opposition no later than **28 days thereafter**. Hand may reply no later than **21 days thereafter**.

Alternatively, Carr may move to dismiss Hand's petition no later than **60 days after this order**. In the event Carr moves to dismiss the petition, Hand shall respond to that motion no later than **28 days thereafter**. As previously stated, Hand's response should support his other claims and either withdraw his Fourth Amendment claim or show cause why it does not fail under *Stone*. Carr may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 29th day of May, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge