# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRANDON J. HAND,
      Petitioner,

  v.                                              Case No. 20-C-0737

KEVIN A. CARR,
      Respondent.

## DECISION AND ORDER

Brandon J. Hand petitions for a writ of habeas corpus under 28 U.S.C. § 2254.

## I. BACKGROUND

Hand challenges his Wisconsin convictions of possession of a firearm by a felon, possession of cocaine with intent to deliver, delivery of cocaine, and bail jumping, all as a repeat offender or second or subsequent offense. He pleaded guilty to these charges on August 26, 2014. The charges stemmed from two separate incidents: one that occurred in 2009 and another that occurred in 2011.

In the 2009 case, a confidential informant told a Racine police investigator, Alfred Fellion, that Hand was selling drugs out of his vehicle. The investigator relayed this information to two other Racine police officers, who located the vehicle and conducted a traffic stop. The officers approached the vehicle, ordered the occupants to exit, and smelled burnt marijuana. The officers conducted a warrantless search of the vehicle, in which they found cocaine, marijuana, a semiautomatic handgun, and $700 in cash. Hand moved to suppress the evidence, arguing that both the traffic stop and the warrantless search of the vehicle violated the Fourth Amendment. The trial court held a hearing on the motion to suppress and denied the motion.

In the 2011 case, a confidential informant secretly made video recordings of transactions in which Hand sold drugs to the informant. According to Hand, the recordings should have been suppressed because the police did not seal them in accordance with Wisconsin's electronic surveillance law. *See* Wis. Stat. § 968.30(7)(a). Hand's trial counsel did not file a motion to suppress the recordings.

After he was convicted and sentenced, Hand filed a pro se postconviction motion in which he alleged, among other things, that the trial court erred in denying his motion to suppress the evidence seized during the search of his car, that his trial counsel was ineffective in failing to move to suppress the videos, and that the trial court relied on inaccurate information during sentencing. After holding an evidentiary hearing, the trial court denied the motion. Hand initiated a pro se appeal, and the Wisconsin Court of Appeals affirmed. Hand then sought review by the Wisconsin Supreme Court, which was denied.

Having exhausted his direct appeal rights, Hand filed his federal petition under 28 U.S.C. § 2254. In the petition, he alleges three grounds for relief: (1) that the stop and search of his vehicle violated the Fourth Amendment, (2) that trial counsel was ineffective in failing to move to suppress the videos of the drug transactions because they were not sealed, and (3) that the trial court relied on inaccurate information during sentencing. Magistrate Judge William E. Duffin reviewed the petition under Rule 4 of the Rules Governing § 2254 Cases, directed the respondent to file an answer, and set out a briefing schedule. The parties have filed their briefs, and I address the merits of Hand's claims below.

2

## II. DISCUSSION

Hand first argues that the stop and the search of his vehicle were unreasonable under the Fourth Amendment and that, under the exclusionary rule, the evidence seized during the search should have been suppressed. This claim raises issues that generally may not form the basis for federal habeas relief. In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976) (footnotes omitted). Thus, unless Hand can show that the state courts denied him an opportunity for full and fair litigation of his Fourth Amendment claim, the claim is unreviewable under § 2254.

A full and fair opportunity to litigate "guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003). In determining whether the state courts provided such an opportunity, a federal court considers only whether "the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." *Monroe v. Davis*, 712 F.3d 1106, 1114 (7th Cir. 2013). Even an "egregious error" by the state court in adjudicating the claim does not create an opening for federal habeas review unless, when combined with other circumstances, it demonstrates that "state judges have closed their ears and minds to argument" over a Fourth Amendment claim. *Hampton v. Wyant*, 296 F.3d 560, 564 (7th Cir. 2002).

In the present case, the record demonstrates that the Wisconsin courts granted Hand a full and fair opportunity to litigate his Fourth Amendment issues. The trial court

3

held a hearing on the motion to suppress, at which Hand was allowed to present and cross-examine witnesses. The court made findings of fact based on the record. On appeal, the Wisconsin Court of Appeals reviewed the trial court's findings for clear error and addressed Hand's arguments about how the law should be applied to those facts. The court applied the relevant body of caselaw—namely, federal and state cases addressing the Fourth Amendment issues implicated by the stop of the vehicle and the warrantless search. The court's written opinion is intellectually honest.

Hand contends that he did not receive a full and fair opportunity to litigate because the court "failed to consider" two facts that he deems important. ECF No. 10 at 1. First, he claims that the court did not consider that "the officers were not given a description of the petitioner and these officers failed to identify the petitioner" and that therefore "the stop lasted longer than necessary to effectuate the purpose of the stop." *Id.* But there is no apparent connection between the petitioner's claim that the officers failed to identify him and his assertion that the stop lasted longer than necessary, and thus the court had no reason to consider or address this fact. Second, Hand contends that the court did not consider "the fact that the vehicle was not in the named location," referring to the location specified by the confidential informant at the time he contacted Fellion. *Id.* But again, this fact was irrelevant: the informant identified the petitioner's vehicle, and obviously vehicles frequently change location, so the fact that the officers found the vehicle in a different location did not prevent them from having reasonable suspicion to stop the vehicle. In any event, the court spent the better part of five pages in its opinion addressing the numerous arguments Hand raised concerning the search and seizure. *See* ECF no. 9-2 at 5–9. Thus, it is evident that the court took the claim seriously.

4

Hand also contends that the state courts denied him a full and fair opportunity to litigate by considering "a fraudulent affidavit signed by Fellion and prepared and notarized by ADA Riek." ECF No. 10 at 1. This is apparently a reference to Hand's claim that an assistant district attorney prepared a false affidavit based on Fellion's police report, which Fellion then signed. Hand has not demonstrated that this affidavit was fraudulent, but in any event, Fellion testified at the suppression hearing and was subject to cross-examination. *See* ECF No. 9-2 at 5 (court of appeals states that Fellion testified to the information in the affidavit at the suppression hearing). The trial court made findings of fact based on his testimony, which the court of appeals reviewed for clear error. The courts thus provided Hand with a full and fair opportunity to contest the facts asserted in Fellion's affidavit.

Finally, Hand seems to believe that the Fourth Amendment prevented Fellion from preparing an affidavit regarding the confidential informant's tip and his communications with the other officers "four months after the stop." ECF No. 10 at 1. He cites cases holding that the facts justifying a stop must be known to officers at the time of the search or seizure. But while it is true that the facts justifying a search or seizure must be known at the time it occurs, it does not follow that officers may not later state those facts in an affidavit. Indeed, all motions to suppress occur long after the moment of the search or seizure, and thus an officer must be permitted to state his or her reasons for initiating the search or seizure after the fact.

For the above reasons, Hand is not entitled to relief on his Fourth Amendment claim. His remaining claims—that he was denied the effective assistance of trial counsel and that he was sentenced based on inaccurate information—present federal claims that

5

are cognizable under § 2254. Because the Wisconsin Court of Appeals addressed these claims on the merits, they are subject to 28 U.S.C. § 2254(d), under which a federal court may grant habeas relief only if the state court's adjudication of the claims were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or were based on an unreasonable determination of the facts.

Hand's claim that his trial counsel was ineffective is governed by *Strickland v. Washington*, under which he must show that his counsel performed deficiently and that he suffered prejudice as a result. 466 U.S. 668, 687–94 (1984). To establish deficient performance, Hand must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 687. This requires showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* To establish prejudice, Hand must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694.

Hand contends that his trial counsel performed deficiently by failing to file a motion to suppress the videos of him selling drugs to a police informant. He contends that such a motion would have been successful because the police did not file the recordings with the court so that they could be sealed. Hand contends that such filing and sealing was required by Wis. Stat. § 968.30(7)(a), a provision of Wisconsin's electronic surveillance law. But the Wisconsin Court of Appeals held that this provision did not apply to the videos of Hand selling drugs because those videos were not made pursuant to a court order authorizing electronic surveillance; instead, the confidential informant consented to

6

having the encounter recorded. Accordingly, the court determined, counsel could not have been ineffective in failing to file a motion to suppress.

Hand contends that the Wisconsin Court of Appeals misinterpreted Wis. Stat. § 968.30(7)(a) when it concluded that it was inapplicable to recordings not made pursuant to a court order. This contention is very nearly frivolous, as the provision in question explicitly states that a recording must be filed with the court and sealed "upon the expiration of the period of the order," which implies that the requirement to file and seal applies only to recordings made pursuant to a court order. Wis. Stat. § 968.30(7)(a). But in any event, a federal court is bound by a state court's interpretation of its own laws, *see, e.g., Kimbrough v. Neal*, 941 F.3d 879, 880 (7th Cir. 2019), and thus I may not question the Wisconsin Court of Appeals's conclusion that the sealing requirement did not apply to the videos. Further, the state court correctly determined that Hand's trial counsel did not perform deficiently in failing to file a motion to suppress that was destined to fail. *See, e.g., Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). Accordingly, Hand is not entitled to habeas relief on his claim of ineffective assistance of trial counsel.

Hand's final claim is that he was sentenced based on inaccurate information, in violation of his federal right to due process. *See United States v. Tucker*, 404 U.S. 443 (1972); *Townsend v. Burke*, 334 U.S. 736 (1948). To prevail on this claim, Hand must show that the information was materially untrue and that the court relied on it when announcing its sentence. *See, e.g., Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010). A sentencing court demonstrates actual reliance on misinformation when the court

gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the misinformation before imposing a sentence. *Id.*

Hand contends that the prosecutor made inaccurate statements about his criminal history and related conduct during sentencing. Hand describes the prosecutor as saying that Hand had "a history of lying to law enforcement," "a history of violent crime," and "a history of using firearms."[1] The Wisconsin Court of Appeals determined on direct review that Hand had failed to produce evidence showing that the prosecutor's statements were inaccurate or that, if they were, the court relied on them at sentencing. ECF No. 9-2 at 12. In this court, Hand points to nothing that would allow me to conclude that the court's determination was unreasonable within the meaning of 28 U.S.C. § 2254(d). Even if I were to assume that the statements were inaccurate, I could find nothing in the record suggesting that the trial court assigned any significance to them during sentencing.

In state court, Hand argued that he was deprived of due process because the report of the presentence investigation contained various bits of inaccurate information. The state court rejected this argument on the ground that Hand had not shown that the trial court relied on the alleged inaccuracies during sentencing. *See* ECF No. 9-2 at 11–12. Hand does not mention the alleged inaccuracies in the presentence report in his federal briefs. In any event, no evidence in the record suggests that the Wisconsin Court of Appeals unreasonably determined the facts when it concluded that the trial court did not rely on them. In his federal briefs, Hand does seem to contend that his trial counsel

---

[1] The parties have not filed a transcript of the sentencing hearing. Thus, I am limited to the information about the sentencing that appears in the parties' briefs and in the state-court decisions issued during direct review.

8

was ineffective in failing to object to the alleged inaccuracies in the presentence report during sentencing. *See* ECF No. 10 at 2–3. But the Wisconsin Court of Appeals also rejected this ineffective-assistance claim on the merits. ECF No. 9-2 at 12 n.3. The court observed that trial counsel testified at the postconviction hearing that he did not object to the inaccuracies because they were too minor to be worth disputing. The court determined that this was a reasonable strategic decision, not ineffective assistance. I cannot say that the court's decision was contrary to, or involved an unreasonable application of, *Strickland* or any other Supreme Court case, or that it was based on an unreasonable determination of the facts.

Hand also seems to contend that his trial counsel was ineffective in failing to file a private presentence report that the defense had prepared. *See* ECF No. 10 at 4. But no evidence in the record shows that trial counsel failed to file the report. Hand notes that "the Private PSI appears to be missing from the trial court record," but he allows that this could be because the trial court lost the document *Id.* Thus, I could not find that trial counsel was ineffective in failing to file the report.

Hand also contends that the trial court took a negative view of his character based on the prosecutor's falsely stating that he considered himself to be a victim. *Id.* at 5–6. But the trial court's view of Hand's character was not based on inaccurate information or unfounded assumptions. Instead, the court accurately identified various events that had occurred in Hand's life and noted that, instead of striving to overcome adversity, Hand "took a dark view of the world" and turned to a life of crime. *Id.* at 5. Although Hand believes that the court's conclusion about his character was inaccurate, he does not show that the court relied on false information about the life events. Further, the court's

9

conclusion that Hand took a dark view of the world rather than bettering himself was not the type of unfounded assumption or groundless inference that could deprive a defendant of due process. *See United States v. Safirstein*, 827 F.2d 1380, 1385 (7th Cir. 1987). Although the full context of the court's statement is not in the record, the court appears to have been explaining that the adversity the plaintiff faced did not excuse his criminal conduct. This was an appropriate factor to consider during sentencing.

Finally, Hand contends that the trial court sentenced him based on the court's inaccurate assumption about statements he had made to a court during a sentencing for prior offenses in 2006. ECF No. 2 at 11. Hand does not explain this claim in detail or identify exactly what the trial court said about what happened in 2006, but it appears that the trial court noted that Hand had said during his 2014 sentencing hearing that he would not commit more crimes and then assumed that Hand had said the same thing to the court that sentenced him in 2006. *See* ECF No. 9-5 at 35 of 37 (state's brief on direct review). This was not an instance of a court's sentencing a defendant based on inaccurate information. The court was merely making the point that a repeat offender's promise to abstain from engaging in criminal activity often rings hollow. The point did not depend on Hand's having actually made a similar statement to a court in 2006.

Accordingly, Hand is not entitled to habeas relief on his claim that he was sentenced based on inaccurate information.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Hand's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing

10

required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 10th day of December, 2020.

s/Lynn Adelman<br>
LYNN ADELMAN<br>
United States District Judge